## UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

| | |
|---|---|
| CHRISTOPHER-JAMES WALDORF,<br><br>Plaintiff,<br><br>v.<br><br>MARK DAYTON, LORI SWANSON, WILLIAM J. CASHMAN, RACHEL SCHMIDT, JANELLE P. KENDALL, KYLE TRIGGS, GEORGE LOCK, JOHN L. SANNER and CODY VOJACEK, *individually and in their official capacities*; J. FREIHAMMER, NATE KYOLLO, and JANE AND JOHN DOES, *in their official capacities*; and JANE AND JOHN ROES, *individually as spouses or married partners of named Defendants*,<br><br>Defendants. | Civil No. 17-107 (JRT/LIB)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** |

Christopher-James Waldorf, 56 33rd Avenue South, #132, St. Cloud, MN 56301, *pro se*.

Kathryn Iverson Landrum, Assistant Attorney General, **MINNESOTA ATTORNEY GENERAL'S OFFICE**, 445 Minnesota Street, Suite 1100, St. Paul, MN 55101, for Defendants Mark Dayton, Lori Swanson, William J. Cashman, Rachel Schmidt, and George Lock.

Cally R. Kjellberg-Nelson, **QUINLIVAN & HUGHES, PA,** P.O. Box 1088, St. Cloud, MN 56302, for Defendants Janelle P. Kendall, Kyle Triggs, John L. Sanner, J. Freihammer, Nate Kyollo and Cody Vojacek.

Plaintiff Christopher-James Waldorf filed this action against a number of Minnesota state and county employees and their spouses (collectively, "Defendants") on

January 11, 2017. On January 17, 2017, Waldorf filed an expedited[1] motion for preliminary injunction seeking an order from the Court enjoining Defendants from proceeding with his state-court prosecution for driving while intoxicated and refusal to submit to chemical testing. Because the Court must abstain from interfering with an ongoing state criminal proceeding and Waldorf will have an opportunity to raise his claims in state proceedings, the Court will deny Waldorf's motion for preliminary injunction.

## BACKGROUND

This motion for preliminary injunctive relief regards Waldorf's underlying state-court criminal case in Stearns County, Minnesota. *State v. Waldorf*, Case No. 73-CR-16-157 (Stearns Cty. Dist. Ct.).[2] On November 26, 2015, police arrested Waldorf for multiple violations of state law arising out of a traffic stop, including operating a motor vehicle while under the influence of alcohol, pursuant to Minn. Stat. § 169A.20.1(1), and refusing to submit to chemical testing, pursuant to Minn. Stat. § 169A.20.2. *Id.* After Waldorf entered a not-guilty plea, (Am. Compl., Ex. H at 56, Feb. 2, 2017, Docket No. 28), the state court scheduled Waldorf's criminal trial for January 24-25, 2017, but Waldorf failed to appear and the state court issued an arrest warrant, (*see* Aff. of Kathryn

---

[1] Waldorf requested expedited processing of his motion for injunctive relief due to an impending trial date for his criminal matter in state court, originally scheduled January 24-25, 2017. Waldorf's trial has been continued to May 10, 2017 due to Waldorf's failure to appear at his original trial date.

[2] The docket in Waldorf's state criminal case is publicly available at http://www.mncourts.gov/Access-Case-Records.aspx.

Iverson Landrum ¶ 2 & Ex. A, Feb. 17, 2017, Docket No. 37).  Accordingly, police arrested Waldorf on February 10, 2017, and released him on bond with a new trial date of May 10, 2017.  (*See id.*; *State v. Waldorf*, Case No. 73-CR-16-157.)  Notably, Waldorf asserts, pursuant to his belief that he is a "sovereign citizen," that: (1) he is not a United States citizen but an "alien," "private American national," "Executor," and "Sole Beneficiary" of the Christopher-James Waldorf Estate; (2) he is "foreign to the United States and Exempt thereby;" and (3) he has the authority to "settle" the state criminal charges against him.  (Am. Compl. at 2, 7, 13; Pl.'s Mem. in Supp. of Expedited Mot. for Emergency Injunctive Relief at 2, Jan. 17, 2017, Docket No. 6.)

Waldorf initiated this action on January 11, 2017, and he filed an amended complaint on February 2, 2017.  (Compl., Jan. 11, 2017, Docket No. 1; Am. Compl.)  Waldorf alleges sixteen federal and state-law claims related to his traffic stop, arrest, and subsequent prosecution for driving while intoxicated and refusal to submit to chemical testing.  (Am. Compl. ¶¶ 137-203.)  Waldorf filed a motion for preliminary injunctive relief on January 17, 2017.

Waldorf asks the Court to enjoin Defendants from prosecuting his state criminal case, arguing that he is likely to succeed on the merits of his civil claims; he is likely to suffer irreparable harm absent preliminary injunctive relief; the balance of equities tips in his favor; and an injunction is in the public interest.  Defendants argue that because the *Younger* abstention doctrine precludes preliminary injunctive relief and Waldorf failed to show he has satisfied the standard for a preliminary injunction, Waldorf's motion warrants denial.

## ANALYSIS

The Court considers whether the doctrine the Supreme Court articulated in *Younger v. Harris* applies to this case, thus precluding the Court from enjoining the state criminal prosecution. 401 U.S. 37 (1971). The *Younger* abstention doctrine "directs federal courts to abstain from accepting jurisdiction in cases where equitable relief is requested and where granting such relief would interfere with pending state proceedings in such a way as to offend principles of comity and federalism." *Night Clubs, Inc. v. City of Fort Smith*, 163 F.3d 475, 477 n.1 (8th Cir. 1998); *see Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 588 (2013) ("When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution."). *Younger* abstention is a "prudential limitation on a court's exercise of jurisdiction," as opposed to an Article III jurisdictional bar. *3005 Cedar, LLC v. City of Minneapolis*, No. 09-1580, 2010 WL 455307, at *3 (D. Minn. Feb. 3, 2010). Abstention is proper under *Younger* when there is: (1) an ongoing state judicial proceeding; (2) an important state interest implicated in the state proceeding; and (3) an adequate opportunity in the state proceeding to raise constitutional challenges. *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

Applying the *Middlesex* factors to the case at hand, first, Waldorf's state criminal matter is ongoing. Although Waldorf failed to appear for his initial trial date, a new trial has been set for May 10, 2017. Waldorf argues that because Stearns County District Court is without jurisdiction over him as a sovereign citizen and because he has already

provided for "full resolution" of his criminal matter via "settlement," there is no ongoing judicial proceeding. This argument is without merit; courts have repeatedly rejected similar sovereign citizenship arguments. *See, e.g.*, *United States v. Hilgeford*, 7 F.3d 1340, 1342 (7th Cir. 1993) (rejecting the "shop worn" argument that the defendant, as a sovereign citizen, was "beyond the jurisdictional reach of the federal courts"); *United States v. Jagim*, 978 F.2d 1032, 1036 (8th Cir. 1992) (holding the defendant's arguments that he was exempt from United States jurisdiction because he was a citizen of the "Republic of Idaho" and not a United States citizen were "completely without merit"); *Duwenhoegger v. King*, No. 10-3965, 2012 WL 1516865, at *14 (D. Minn. Feb. 13, 2012) (rejecting the plaintiff's argument that because he "is not subject to the laws of Minnesota or the United States because he is a 'Sovereign Citizen'"), *report and recommendation adopted by Duwenhoegger v. King*, 2012 WL 1529300 (D. Minn. Apr. 30, 2012); *Estate of Casmir v. New Jersey*, No. 09-4004, 2009 WL 2778392, at *5 (D.N.J. Aug. 31, 2009) ("A person found within the United States cannot somehow exempt himself or immunize himself from the application of state law or federal law by declaring himself a non-citizen . . . ."). Accordingly, the first element of the *Middlesex* test is satisfied.

Waldorf does not address the remaining elements of the *Younger* abstention doctrine articulated in *Middlesex*. With regard to the second element, Defendants assert that Stearns County and the State of Minnesota have an important interest in preserving and protecting state criminal proceedings. The Court agrees. Indeed, *Younger* specifically addressed a state criminal proceeding. *Younger*, 401 U.S. at 41; *see id.* at 51-

52 (stating that states carry out the "important and necessary task of enforcing [criminal] laws against socially harmful conduct that the [s]tates believe[] in good faith to be punishable under [their] laws and the Constitution"). Thus, the second *Middlesex* element is satisfied.

Defendants argue that the third *Middlesex* element is satisfied because Waldorf has had and will continue to have an adequate opportunity to raise constitutional challenges in his state court proceedings. Waldorf can raise constitutionality questions in state district court, appeal those decisions to the Minnesota appellate courts, and seek further review in the United States Supreme Court by writ of certiorari under 28 U.S.C. § 1257. *See Huffman v. Pursue, Ltd.*, 420 U.S. 592, 610-11 (1975) (holding *Younger* abstention should have precluded federal-court intervention in state judicial proceedings in which a litigant had not exhausted state appellate remedies); *Fenner v. Boykin*, 271 U.S. 240, 244 (1926) (holding a defendant should "first set up and rely upon his [or her] defense in the state courts, even though this involves a challenge [to] the validity of some statute, unless it plainly appears that this course [of action] would not afford adequate protection"); *Alleghany Corp. v. McCartney*, 896 F.2d 1138, 1144 (8th Cir. 1990) ("[A] party cannot avoid *Younger* by choosing not to pursue available state appellate remedies."). Therefore, the third *Middlesex* element is satisfied.

In addition, the Court finds *Younger* exceptions inapplicable here. Generally, as a matter of statute, federal courts may only enjoin state court proceedings: (1) where the federal court is expressly authorized by Congress to do so; (2) where intervention is necessary in aid of the court's jurisdiction; or (3) to protect or effectuate the court's

judgments. *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 282-83 (1970) (citing 28 U.S.C. § 2283).[3] A federal court may also enjoin state court criminal actions when absolutely necessary if "there is [a] showing of bad faith, harassment, or some other extraordinary circumstance." *Middlesex*, 457 U.S. at 435. "Extraordinary circumstances" are present when there is "an extraordinarily pressing need for immediate federal equitable relief," *Kugler v. Helfant*, 421 U.S. 117, 124-25 (1975), because there is a great and immediate danger of irreparable loss, *Younger*, 401 U.S. at 45.

The complaint avers at least one cognizable constitutional violation related to Waldorf's arrest. But the Court finds that Waldorf has not demonstrated "an extraordinarily pressing need" for immediate relief, *Kugler*, 421 U.S. at 124-25, as Waldorf can easily raise the alleged constitutional violations in state court. Waldorf has also made no showing of bad faith or harassment. *See Middlesex*, 457 U.S. at 435. Accordingly, the Court discerns no reason to exempt this matter from *Younger* abstention.

Because the *Younger* abstention doctrine precludes preliminary injunctive relief in this case, the Court will not address Waldorf's remaining arguments in favor of an injunction. *See 3005 Cedar, LLC*, 2010 WL 455307, at *3 ("The Court . . . considers the question of abstention before addressing plaintiffs' substantive motion [for a preliminary injunction].").

---

[3] The exceptions listed in § 2283 are inapplicable to Waldorf's case. Here, there is no express authority from Congress for the Court to interfere with state criminal proceedings, there is no need to aid the Court's jurisdiction, and the Court has no relevant judgments to protect or effectuate.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff Christopher-James Waldorf's Motion for Preliminary Injunctive Relief [Docket No. 4] is **DENIED**.

DATED: March 27, 2017  
at Minneapolis, Minnesota.

_____s/ John R. Tunheim_____  
JOHN R. TUNHEIM  
Chief Judge  
United States District Court